## Belcher v. Belcher.

(Decided February 20, 1925.)

### Appeal from Pike Circuit Court.

1. Husband and Wife—Maintenance Not Granted when Parties Still Cohabiting.—In husband's divorce suit wife's counterclaim for increase of allowance for maintenance granted in prior suit was properly dismissed, where the parties, though residing apart, were cohabiting from time to time.

2. Husband and Wife—Disallowance of Increased Allowance to Wife for Maintenance Held Proper.—Where husband was aged and physically disabled, value of all his property did not exceed $2,-500.00, and wife owned property of value of between $1,200.00 and $1,500.00, increase in allowance of $10.00 monthly, which wife was receiving as maintenance, was properly denied.

3. Divorce—Court Held Not to have Abused its Discretion in Allowing Wife Only $25.00 Attorney's Fees.—Where there was no evidence introduced in divorce suit to prove value of attorney's services, and pleadings were short, and testimony consisted of about 150 typewritten pages, more than half of which was foreign to issues involved, held that court did not abuse its discretion in allowing wife attorney's fees of only $25.00.

L. J. MAY for appellant.

O. A. STUMP and PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, W. R. Belcher, filed this equity action against the appellant, Frances Belcher, his wife, seeking a divorce from her upon the ground of one year's abandonment of him by her without his fault. The answer denied the grounds of divorce and by counterclaim sought to recover an increased amount of monthly maintenance over and above the ten dollars per month which it appears had theretofore been adjudged to defendant in a separate action which she had theretofore brought against plaintiff for that purpose. It would seem that the relief defendant sought in her answer could have been granted in that action under an appropriate motion made for the purpose, but no such question was presented in this case. After preparation and upon submission the court dismissed the petition and disallowed any increase in monthly maintenance to defendant and adjudged plaintiff to pay the cost, including an attorney's fee of $25.00 to defendant's counsel, and from that judgment she prosecutes this appeal, complaining that the court erred in dismissing her claim for increased allowance, and also erred in fixing the amount of the fee for her counsel.

The evidence taken in the case wandered over a wide and unrestrained range. The most of it was wholly irrelevant to the issues raised by the pleadings, and the larger portion of that which was relevant was elicited by a most improper method of examination, the questions being glaringly leading and suggestive of the answers. Upon the whole it developed that defendant was between 65 and 70 years of age at the time of the trial and plaintiff about 53 years old. They had been married for something like 14 years, and it was the second venture upon the matrimonial bark by each of them. By their first spouses they each had children, some of whom were adults and married, and the chief source of agitation, annoyance and trouble between the couple resulted from unwarranted interference by some of the children of plaintiff who, on occasions, abused defendant and sometimes threatened her and because of which she claimed she left his house. Only two particular instances are testified to and at each of them plaintiff interfered in behalf of his wife. It, furthermore, appears that something like two or three years before the separation, plaintiff struck defendant, but for what cause or with what

he did it or the force of the blow, does not appear from any testimony in the record. While not an issue in the case, defendant's reputation for morality and chastity was attacked and proven to be bad. Likewise was she proven to have a bad reputation for truth and veracity. She continued after the separation to live in the same village in which plaintiff resided but in a house owned by herself and with a widowed daughter. However, she testified, and which is otherwise established, that plaintiff continued to periodically visit her house and they cohabited together as man and wife. So that, while the proof shows a separation from board, there was, in reality, no separation from bed, and it was no doubt upon that ground that the court dismissed plaintiff's petition and which we think was proper. But, however that may be, there is no appeal by plaintiff from that order and it is not before us for review.

If for no other reason, we think the same fact authorized the dismissal of defendant's counterclaim for increased allowance, since the rule seems to be that although husband and wife do not live under the same roof or in the same house that they will not be considered separated so as to authorize the relief that defendant here sought while matrimonial cohabitation exists. 19 Corpus Juris 214, paragraph 516, and 219, paragraph 524, and Freeman v. Freeman, 11 Ky. L. R. 822, 13 S. W. 246. Moreover, we do not think the proof sufficient to justify an increased allowance above the ten dollars per month which the defendant was receiving under a prior judgment of the circuit court and which, as we understand the record, was not set aside or otherwise disturbed by the judgment appealed from. The plaintiff is somewhat aged and disabled physically. It is also proven that the total value of all his property will not exceed about $2,-500.00, and defendant herself owns property to the value of between $1,200 and $1,500.00. Much ado is made in brief about plaintiff disposing of some of his property since defendant left his home, but independently of a tract of land owned by his first wife and which he permitted to be divided among his children, he is not shown to have disposed of any material amount of property. We, therefore, conclude that on a survey of the entire record, in the light of the relevant testimony it contains, no grounds for disturbing the judgment disallowing increased monthly alimony exist.

As to the allowed attorney's fee, it is insisted that it should have been $200.00 instead of $25.00. In the first place it does not appear that any motion for the allowance of any attorney's fee was made in the court below. But passing that point, there was no evidence introduced by the attorney or any other witness to prove the value of the services, which leaves only the record before us from which to determine the correctness of that allowance. The pleadings are short and the testimony consists of about 150 pages of typewritten matter. More than half of it is entirely foreign to the issues involved, and upon the whole, in the absence of some evidence or data so authorizing, we are not prepared to say that the court abused a sound discretion in fixing the attorney's fee at the amount it did.

Wherefore, the judgment is affirmed.